# WEAVER v STATE OF FLORIDA

Case No. 88-3577-AC-A (County Court Case No. 88-87816-QL)

Eighteenth Judicial Circuit, Brevard County

March 15, 1990

## APPEARANCES OF COUNSEL

**J. John Barker, Esquire,** Assistant Public Defender, for appellant.

Office of State Attorney (No appearance)

Before JOHNSON, JOHNSTON, WOODSON, JJ.

## OPINION OF THE COURT

LAWRENCE V. JOHNSTON, Judge.

The issue before this Court is whether the State presented a proper predicate to admit the results of a breath test.

The results of a breath test are admissible in a DUI proceeding under § 316.192, Fla. Stat. (1987) and § 316.1934, Fla. Stat. (1987). In order to be considered valid, the test must have been performed substantially according to methods approved by the Department of Health and Rehabilitative Services. § 316.1932(1)(b), Fla. Stat. (1987).

From the evidence in this case, it is clear that the State failed to introduce (1) a certificate showing that the Intoxilyzer 4011-AS was an HRS approved model, (2) a registration certificate showing that the Intoxilyzer was registered with the HRS, and (3) a certificate showing that the officer was properly licensed by HRS to conduct breath tests. In spite of these and other deficiencies in the State's proffer, the breath tests results were admitted.

Chemical analysers of blood or breath performed in violation of the HRS rules are inadmissible. *State v Wills,* 359 So.2d 566 (Fla. 2d DCA 1978). The decision of the trial court in admitting the results of the breath test is reversed and this case is remanded for further proceedings in accordance with the views expressed in this opinion.

JOHNSTON, Lawrence V.; JOHNSON, Clarence T.; and WOODSON, J. William, Judges, concur.